IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 309-014 |
| | ) | |
| MICHAEL LAWTON DOUGLAS, JR. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

In the above-captioned criminal case, the government has charged Defendant Michael Lawton Douglas, Jr. ("Defendant"), and two co-defendants with two counts of Conspiracy in relation to paying voters to vote in the 2004 Dodge County election cycle; Defendant is also charged with four counts of Vote Buying. (Indictment, doc. no. 3). The matter is now before the Court on Defendant's "Motion to Dismiss Portions of Counts One and Four for Violating the Void-for-Vagueness Rule." (Doc. no. 41). The government opposes Defendant's motion. (Doc. no. 64). For the reasons developed below, the Court **REPORTS** and **RECOMMENDS** that the motion be **DENIED**.

### I. BACKGROUND

Counts One and Four of the indictment charge Defendant with engaging in two conspiracies related to two separate elections in 2004. As succinctly described by Defendant, each charged conspiracy is identical but for the time frame involved, and each count alleges two objects: "One object of the conspiracy was to buy votes, in violation of 42 U.S.C. § 1973i(c). The other supposed object of these conspiracies was to engage in multiple voting,

in violation of 42 U.S.C. § 1973i(e)." (Doc. no. 41, p. 2). Defendant argues in his motion to dismiss that the multiple voting portion of each conspiracy charge must be dismissed because "[n]either of these charges allege that the supposed multiple votes cast by the defendants was done without permission." (Id.). The government counters that a "voter's knowledge or consent is not a necessary element under the multiple voting statute." (Doc. no. 64, p. 1). The government has the better argument.

## II. DISCUSSION

Fed. R. Crim. P. 7(c)(1) requires that an indictment "be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ." In the Eleventh Circuit, an indictment is sufficient if it: "(1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense." United States v. Walker, 490 F.3d 1282, 1296 (11th Cir. 2007) (citation omitted); see also United States v. Cole, 755 F.2d 748, 759 (11th Cir. 1985) (finding that an indictment satisfies constitutional requirements by informing a defendant of the charges against him and enabling the defendant to plead double jeopardy in case of future prosecution for the same offenses). The sufficiency of a criminal indictment is determined from its face, United States v. Sharpe, 438 F.3d 1257, 1263 (11th Cir. 2006), and "[f]acial sufficiency is not a high hurdle." United States v. Bates, 96 F.3d 964, 970 (7th Cir. 1996); see also United States v. Silverman, 745 F.2d 1386, 1392 (11th Cir.

1984) ("The accusation must be legally sufficient, i.e., it must assert facts which in law amount to an offense and which, if proved, would establish prima facie the accused's commission of that offense.").

Challenges to an indictment, including an alleged failure to state an offense, may be raised pursuant to Fed. R. Crim. P. 12(b)(3)(B). As the Eleventh Circuit has explained, dismissal under this portion of Rule 12(b) may be had if "there is an infirmity of law in the prosecution. . . ." United States v. deVegter, 198 F.3d 1324, 1326 (11th Cir. 1999) (quoting United States v. Torkington, 812 F.2d 1347, 1354 (11th Cir. 1987)). A court may not, however, grant dismissal if "the factual allegations in the indictment, when viewed in the light most favorable to the government, [are] sufficient to charge the offense as a matter of law." Sharpe, 438 F.3d at 1258-59 (citing deVegter, 198 F.3d at 1327).

Here, Defendant relies on United States v. Salisbury, 983 F.2d 1369 (6th Cir. 1993), for the proposition that a valid charge of multiple voting under 42 U.S.C. § 1973i(e) must allege that the multiple votes were cast without permission. (Doc. no. 41, pp. 1-2). In the portion of Salisbury relied upon by Defendant, the Sixth Circuit was analyzing a challenge to jury instructions used to describe the offense of multiple voting which, when coupled with the denial of a motion for jury interrogatories, were determined to have been improper. Salisbury, 983 F.2d at 1376-77. The Sixth Circuit concluded the instructions provided by the trial court confused the jury and pointed to the instructions in United States v. Hogue, 812 F.2d 1568 (11th Cir. 1987), as an example of language that could have been used:

> [F]irst, for a defendant to mark a candidate selection on the ballot of some other voter in a race where that voter has not marked a candidate selection, without the expressed or implied consent of that voter, constitutes voting; and

3

> second, for a defendant to change or alter the mark on the ballot of some other voter to vote for some candidate different from the candidate selected by that voter, without the expressed or implied consent of that voter, constitutes voting.

Id. at 1377 (citing Hogue, 812 F.2d at 1582). The court then went on to incorporate the consent issue as part of its analysis as to why the multiple voting statute was "unconstitutionally void for vagueness as applied to this case."[1] Id. at 1377, 1379.

Even if the Court were to disregard the fact that Defendant is relying on a non-binding interpretation of Eleventh Circuit case law from the Sixth Circuit, the Eleventh Circuit has explicitly rejected Defendant's argument concerning consent of the voter. As pointed out by the government, in United States v. Smith, 231 F.3d 800 (11th Cir. 2000), the court ruled that consent is not a necessary element of a § 1973i(e) offense. 231 F.3d at 817. In fact, the Smith court went out of its way to discredit the argument that Defendant now relies upon by including a lengthy footnote distinguishing the language in the Hogue opinion concerning voter consent:

> We realize that in United States v. Hogue, 812 F.2d 1568 (11th Cir. 1987), we discussed an indictment for a violation of § 1973i(e) that contained the "without knowledge and consent of that voter" language. **However, nothing in our Hogue opinion says that lack of knowledge and consent of the voter is a necessary element of a § 1973i(e) violation.**

---

[1] In United States v. Williams, 553 U.S. 285, 128 S. Ct. 1830 (2008), the Supreme Court explained that a "void for vagueness" challenge is actually a challenge under the Due Process Clause of the Fifth Amendment, and to comport with due process, a statute must "provide a person of ordinary intelligence fair notice of what is prohibited" and must not be "so standardless that it authorizes or encourages seriously discriminatory enforcement." Williams, 128 S. Ct. at 1845. Although Defendant asserts that he is bringing a "void for vagueness" challenge, as explained in detail, *infra*, because Defendant has misplaced his reliance on Salisbury for the proposition that the indictment in this case is missing an essential element of a § 1973i(e) charge, the "void for vagueness" analysis from Salisbury is inapplicable to this case.

Id. at n.20 (emphasis added). The Smith court further explained that Hogue involved a collateral estoppel issue in a prosecution for endeavoring to obstruct justice, and in an earlier prosecution of the same defendant for multiple voting under § 1973i(e), the jury had been instructed:

> "voting meant marking the ballot of some other voter where the voter had not made a candidate selection or changing the ballot to reflect a selection different from the voter's, **all without the expressed or implied consent of the voter." But we did not hold in Hogue that last clause was an element of § 1973i(e)**, only that the jury in the earlier case did not necessarily have to find that the defendant's actions were taken without consent in order to find that the defendant was not guilty, and thus, collateral estoppel did not apply.

Id. (emphasis added).

In sum, controlling case law in this Circuit does not require lack of consent as a necessary element of a § 1973i(e) prosecution for casting multiple votes. Therefore, the Court concludes that no portion of the conspiracy charges suffers from a void for vagueness problem based on the absence of an allegation that the supposed multiple votes were cast without permission. Rather, as the government has succinctly argued, "[I]t is irrelevant whether the voters, having sold their votes or blank absentee ballots to the Defendants as alleged in the Indictment, then consented or withheld their consent to the Defendants voting for them." (Doc. no. 64, p. 1). Accordingly, Defendant's motion to dismiss should be denied.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the "Motion to Dismiss Portions of Counts One and Four for Violating the Void-for-Vagueness Rule" be **DENIED**. (Doc. no. 41).

SO REPORTED and RECOMMENDED this 21st day of January, 2010, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE